UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARRIE LYNNE DECHAMPS,

       Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

       Defendant.

DECISION & ORDER

18-CV-6605-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Carrie Lynne Dechamps ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 16.)

## BACKGROUND

On October 9, 2014, Plaintiff filed an application for Supplemental Security Income benefits alleging disability beginning October 1, 2014. (Record[1] ("R.") 189–94) A hearing was held on January 25, 2017 in Rochester, New York before an Administrative Law Judge ("A.L.J."). (R. 32–102.) Plaintiff was represented by David

---

[1] Record refers to the Certified Record of Proceedings at the Social Security Administration filed on January 15, 2019, ECF No. 8.

J. Penrose, and a vocational expert also appeared and testified. (R. 32, 115, 245–47.) On July 14, 2017, the A.L.J. issued an unfavorable decision. (R 7–26.) The Appeals Council denied Plaintiff's request for review on June 28, 2018, making the A.L.J.'s decision the Commissioner's final decision in the case. This appeal was timely filed. (R. 1–6; Compl., Aug. 20, 2018, ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two

inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through

four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

# DISCUSSION

## *The A.L.J.'s Decision*

In his decision, the A.L.J. followed the required five step analysis for evaluating disability claims. (R. 12.) Under step one of the process, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since October 9, 2014, the application date. (R. 12.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: fibromyalgia, migraine headaches, asthma, GERD, obesity, major depressive disorder, and anxiety disorder. (20 C.F.R. § 416.920(c); R. 12.) At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 12–14.) With respect to mental impairments, the A.L.J. found that the Plaintiff had a mild impairment understanding, remembering, or applying information. (R. 13.) The A.L.J. further found that Plaintiff had mild limitations with functioning around others. (*Id.*) At step four, the A.L.J. concluded that Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except she requires a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes, without leaving the workstation. (R. 14.) She cannot reach overhead with her left dominant arm. (*Id.*) Pushing and pulling is limited to the weights for light exertion. (*Id.*) She can tolerate

occasional exposure to extreme heat, extreme cold, wetness, humidity, and airborne irritants. (*Id*.) She can tolerate moderate noise (office, light traffic). (*Id*.) She can interact with the public at Dictionary of Occupational Titles ("DOT") people function levels 6 (speaking/signaling), 7 (serving), and 8 (helping/taking instruction), but cannot perform tandem/teamwork. (*Id*.) Plaintiff can work to meet daily goals, but cannot maintain a fast-paced, automated production line pace. (*Id*.) Plaintiff needs three additional short, less-than-five-minute breaks, beyond regularly scheduled breaks. (*Id*.) Plaintiff can frequently, but not constantly, handle and finger with her left dominant hand (*Id*.) At steps four and five, the A.L.J. determined that Plaintiff had no past relevant work. (R. 21.) The A.L.J. proceeded on to step five and found that jobs existed in the national and regional economy that Plaintiff could perform. (R. 21.) Accordingly, the A.L.J. found that Plaintiff was not disabled. (R. 22.)

*Plaintiff's Contentions*

Plaintiff claims that the A.L.J. relied solely upon her own lay opinion to formulate the RFC finding, and argues that because the A.L.J. provided only a conclusory reason for discounting the opinion of Celeste Song, M.D., the A.L.J. relied on no medical opinion in determining Plaintiff's RFC. (Pl.'s Mem. of Law at 13, Apr. 22, 2019, ECF 11-1.) Plaintiff claims that the treatment records did not contain vocationally relevant information, and the A.L.J. impermissibly determined Plaintiff's abilities exclusively based upon the raw medical data. (*Id*.) Finally, Plaintiff argues that the A.L.J.'s reasoning on numerous key findings is based upon an impermissible mischaracterization of the record. (*Id*.) Because of its

5

determination, the Court will review only whether the A.L.J. properly discounted Dr. Song's opinion.

### *The A.L.J.'s Discounting of Dr. Song's Treating Opinion*

In her memorandum, Plaintiff argued that the A.L.J. erred by providing only a conclusory explanation for discounting the weight of treating physician Dr. Song (giving some weight rather than controlling weight). (*Id.* at 19.) The Commissioner countered that the A.L.J. may discount the opinion of a treating physician when the opinion is internally inconsistent or inconsistent with other evidence. (Def.'s Mem. of Law at 21, Jun. 21, 2019, ECF 14-1.)

The Second Circuit has held that "the opinion of a treating physician on the nature or severity of a claimant's impairments is binding if it is supported by medical evidence and not contradicted by substantial evidence in the record.*" Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir.2008); *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2d Cir. 2003); 20 C.F.R. § 404.1527(c)(2)); *see also Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 121 (2d Cir. 2018) (summary order). In order for an A.L.J. to discount the opinion of a treating source, the "A.L.J. must explicitly consider, inter alia: (1) the frequently, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Burgess*, 537 F.3d at 129.) "Even where a treating source's opinion is not given controlling weight, the Commissioner must 'apply the factors listed ... [and] will always give good reasons . . . for the weight [he] give[s]

6

[claimant's] treating source's opinion.'" *Mecklenburg v. Astrue*, 2009 WL 4042939, at *4 (W.D.N.Y. Nov. 19, 2009) (quoting 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)).

The A.L.J. did not accord Dr. Song's opinion full weight:

> [the A.L.J.] accord[s] some weight to Dr. Song's opinion noting that she treated the claimant and is familiar with her symptoms and limitations. . .Dr. Song's records indicated that the claimant's symptoms seemed to improve with care and medication. The claimant's conservative care, response to care, and on-going activities are inconsistent with a finding that pain or symptoms would frequently interfere with the claimant's attention, concentration and ability to perform simple work tasks.

(R. 17.) The Court has held that an A.L.J. has not met her duty to provide a good reason for not crediting an opinion when the A.L.J. only provides a "conclusory explanation" for why the treating physician's opinion of limitations "is inconsistent with the record." *Burgess*, 537 F.3d at 129. Here, the A.L.J. did not cite to any records regarding those statements. (R. 17.) Upon review of Dr. Song's records, it is not apparent to the Court if Plaintiff's symptoms improved or not as the A.L.J. described. This issue is exacerbated because the A.L.J. did not cite to where in the record the supposed improvements were or even how the improvements manifested themselves. (R. 458–83; 543–47.) The A.L.J. did not include any citations to, or quotations from, the parts of Dr. Song's medical records that showed an improvement. Without some reference to a specific part of Dr. Song's record, the A.L.J.'s reasoning is merely conclusory. The Court will not guess as to what part of the Record the A.L.J. is citing to, and for that reason, the Court is unable to determine whether substantial evidence supports the A.L.J.'s determination. Where a decision does not "'explicitly' apply the *Burgess* factors when assigning weight at step two [there] is a procedural error." *Selian*, 708 F.3d at 419–20. If "the Commissioner has not [otherwise] provided 'good

7

reasons' [for its weight assignment]," we are unable to conclude that the error was harmless and consequently remand for the ALJ to "comprehensively set forth [its] reasons." See *Halloran*, 362 F.3d at 33. If, however, "a searching review of the record" assures us "that the substance of the treating physician rule was not traversed," we will affirm. See id. at 32. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) The Court has reviewed the doctor's office visit records and does not see that "Dr. Song's records indicated that the claimant's symptoms seemed to improve with care and medication." (R.17.)

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 11) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 14) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

/s/ Mark W. Pedersen
MARK. W. PEDERSEN
United States Magistrate Judge

Dated:  March 30, 2020
         Rochester, New York